INSURANCE COMPANY *v.* COMSTOCK.

1. Where, under the 41st section of the Bankrupt Act of 1867, a trial by jury is had in the District Court in a case of application for involuntary bankruptcy, and exceptions are taken in the ordinary and proper way, to the rulings of the court on the subject of evidence and to its charge to the jury, a writ of error lies from the Circuit Court when the debt or damages claimed amount to more than $500; and if that court dismiss or declines to hear the matter a mandamus will lie to compel it to pro- ceed to final judgment.

2. In this case, where the court had dismissed the case because it supposed it had no jurisdiction, a writ of error was dismissed as not a proper remedy, and an intimation given to the court below to reinstate the case and proceed to hear the questions presented by the bill of exceptions.

ON motion to dismiss a writ of error to the Circuit Court for the Northern District of Illinois; the case being thus:

The Bankrupt Act of 1867, which by its terms applies to all moneyed, business, or commercial corporations as well as to individuals, gives to the District Courts of the United States original jurisdiction in all matters and proceedings in bankruptcy. It enacts by its—

"SECTION 2. That the several Circuit Courts of the United States within and for the districts where the proceedings in bankruptcy shall be pending, shall have *a general superintendence* and jurisdiction of all cases and questions arising under this act; and, *except when special provision is otherwise made,* may upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case as *in a court of equity.*

" Said Circuit Courts shall also have concurrent jurisdiction with the District Courts of the same district, of all suits at law or in equity which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to or vested in such assignee."

A subsequent section, the 41st, after referring to the return day of the summons to the alleged bankrupt, enacts:

" That on such return day or adjourned day . . . the court shall proceed summarily to hear the allegations of the petitioner and debtor, and may adjourn the proceedings from time to time on good cause shown ; *and shall, if the debtor on the same day so demand in writing, order a trial by jury at the first term of the court at which a jury shall be in attendance, to ascertain the facts of such alleged bankruptcy ;* and if upon such hearing or trial the debtor proves to the satisfaction of the court, or *the jury* (as the case may be), that the *facts set forth in the petition* are not true, or that the debtor has paid and satisfied all liens upon his property (in case the existence of such liens were the sole ground

of the proceeding), the proceeding shall be dismissed and the respondent shall recover his costs."

The act further provides, by sections 8 and 9, as follows:

"SECTION 8. That appeals may be taken from the District to the Circuit Courts in all cases in equity, and writs of error may be allowed to said Circuit Courts from said District Courts in cases at law under the jurisdiction created by this act, when the debt or damages claimed amount to more than $500; and any supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim may appeal from the decision of the District Court to the Circuit Court from the same district; but no appeal shall be allowed in any case from the District to the Circuit Court unless it is claimed and notice given thereof to the clerk of the District Court to be entered with the record of the proceedings, and also to the assignee or creditor, as the case may be, or to the defeated party in equity within ten days after the entry of the decree or decision appealed from.

" *The appeal* shall be entered at the term of the Circuit Court which shall be first held within and for the district next after the expiration of ten days from the time of claiming the same. But if the appellant in writing waives his appeal before any decision thereon, proceedings may be had in the District Court as if no appeal had been taken, and no appeal shall be allowed unless the appellant at the time of claiming the same shall give bond in the manner now required by law in cases of such appeals.

" *No writ of error* shall be allowed unless the party claiming it shall comply with the statutes regulating the granting of such writs.

"SECTION 9. In cases arising under this act no appeal or writ of error shall be allowed in any case from the Circuit Courts to the Supreme Court of the United States, unless the matter in dispute in such case shall exceed $2000."

These enactments being in force, certain persons presented a petition in the District Court for the Northern District of Illinois, setting forth, in conformity with formal requirements of the act, that the Knickerbocker Insurance Company of Chicago owed debts to an amount exceeding $300,

and that their respective demands exceeded $250, and had made fraudulent preferences. Among these persons were Allen & Mackey, who set forth that the company was indebted to them in the sum of $2500 under a policy of insurance and had made fraudulent preferences. They prayed, along with other creditors, that the company might be decreed bankrupt.

The company denied the allegations both of debt and acts of bankruptcy, and demanded in writing a trial by jury. On the trial, which was had in regular common-law way of a trial by jury, the company excepted to the admission of several items of evidence which the court, against its objection, had received, and also to the charge of the court. Verdict and judgment having been given against the company, the cause was removed by writ of error to the Circuit Court for the district. The company assigned errors there in a formal way, but when the case came on to be heard, the Circuit Court, without any consideration or examination of the exceptions taken or errors assigned, dismissed it for want of jurisdiction. Thereupon the company took a writ of error to this court.

*Mr. Thomas Dent, in support of the motion to dismiss the writ of error:*

The only jurisdiction which the Circuit Court could have had in the case arose under the 2d section of the Bankrupt Act. That section provides abundantly for the case under consideration, not by allowing a writ of error, but by giving the Circuit Court a final superintendence. The insurance company should have sought relief under that section. The proceeding by writ of error was improper, and was rightly dismissed by the court below for want of jurisdiction. But if it were not so, no appeal or writ of error lies to this court from the action of the Circuit Court.

1. The adjudication by the District Court did not determine that a debt of $2500, or, in other words, a debt of more than $500 was due the creditor. A proceeding in bankruptcy is not a proceeding to determine *the amount* of any

particular debt or claim, but is a proceeding taken by some one who has a demand provable under the act to the amount of $250; and the three inquiries presented to the court under such a petition are:

1st. Whether the petitioner has a claim to the amount of $250, provable under the act.

2d. Whether the debtor owes debts provable under the act exceeding $300; and, finally,

3d. Whether the alleged act or acts of bankruptcy have been committed by the debtor.

The chief one of these inquiries is almost always that last named. The adjudication finally made does not determine that there is a debt to the amount of $500. The amount of $500 cannot be said to be *directly* involved. The claim of Allen & Mackey was not fixed by the decree of the District Court. It was thus not a final judgment. All know that claims against a bankrupt's estate are (under the 22d section of the act) proved before the register and are then forwarded to the assignee, who then compares the proofs with what the bankrupt's books disclose. The court may, however, re-examine them. Hence it would be a misnomer to characterize the petition for involuntary bankruptcy as "a case at law . . . wherein the debt or damages claimed amount to more than $500." It bears no resemblance at all, in form, to such a proceeding; and not much to one in equity. The words, then, of the 8th section do not sanction a writ of error in this case.

The cases in which provision is made by the 8th section of the Bankrupt Act for writs of error, are the cases at law referred to in what is given above as the second clause of the 2d section.

*Messrs. Story and Roby, contra:*

Section 9 of the Bankrupt Act provides:

"That in cases arising under this act, no appeal or writ of error shall be allowed in any case from the Circuit Courts to the Supreme Court of the United States, unless the matter in dispute in such case shall exceed $2000."

Though negatively stated in the act, this is a solemn legis-
lative *affirmation*, that an appeal or writ of error *shall* be al-
lowed *in all cases* where the amount in controversy exceeds
the sum named.

The supervisory jurisdiction of the circuit judge, under
the second section, only exists " in cases where special pro-
vision is not otherwise made," in the Bankrupt Act.   Now,
this court has said that special provision *is* otherwise made,
within the meaning of that exception, when the case is tried
by a jury at a stated term of the District Court, under the
provisions of the 41st section.*   And Miller, J., of this
court, sitting as presiding judge of the Circuit Court, enter-
tained jurisdiction of a case removed from the District Court
by writ of error sued out by the petitioning creditors, and
reversed the judgment of the District Court, dismissing the
petition with costs.

It is proper to observe that there are only two cases pro-
vided for in the Bankrupt Act, where a *jury trial* may be
had :

1st.  Under the 41st section, where a party resists the pro-
ceeding to have him adjudged a bankrupt, and demands a
jury trial, in writing, when the court is *required* " to order
a trial by jury at *the first term of the court* at which a jury
shall be in attendance."

2d.  Under section 31st, when creditors oppose the dis-
charge, in which case the court may " order any question
of fact so presented to be tried at a *stated session* of the Dis-
trict Court."

Congress has thus carefully provided, in every case where
a jury trial is allowed, that it shall be had at a stated term
of the court, where it must be conducted according to the
due course of the common law.   All such decisions are re-
viewable by writ of error.

The judgment of the District Court was a judgment for
$2500, and it was a final judgment.

It is averred in the petition of Allen & Mackey, under

---

* Morgan *v.* Thornhill, 11 Wallace, 79.

which the trial was had in the District Court, that the company was indebted to them in the sum of $2500 upon a policy of insurance for that sum. The existence and validity of this claim, was specially denied by plaintiff in error, was one of the principal questions at issue on the trial, and the verdict of the jury found this issue against the company.

On this trial the petitioners could have proved no other debt, no other act of bankruptcy, than the one alleged; nor could the jury have found any verdict except it was responsive to both these issues. When both found for petitioners, they *establish the existence and validity of this debt of* $2500, as well as the acts of bankruptcy alleged.

This judgment when rendered is *final* and *conclusive* upon all parties until reversed.

. It was held by this court at an early day, that the finding and judgment declaring a defendant bankrupt is *final and conclusive as to the petitioner's claim*, and cannot be collaterally attacked, even by other creditors. All parties are bound by it as by a decree *in rem.**

The judgment in question is, therefore, as much *a judgment against the company for* $2500 as if rendered in an ordinary action upon the policy, and is clearly reviewable under the general appellate jurisdiction vested in this court, independent of the provisions of the Bankrupt Act.

Mr. Justice CLIFFORD delivered the opinion of the court.

Moneyed, business, and commercial corporations, are as much within the provisions of the Bankrupt Act as unincorporated individuals or associations, and all the provisions of the act forbidding preferences and fraudulent conveyances are as applicable to such debtors, if insolvent, as to any other insolvent debtors falling within those provisions, and the same acts which render individual debtors liable to be adjudged bankrupts on the petition of their creditors, if committed by such a corporation which is insolvent, will warrant the creditors of the same to institute proceedings for that

---

* Showhan *v* Wherritt, 7 Howard, 627.

purpose against such debtors, and to claim that they be adjudged bankrupts for the same reasons.

On the fifth of January, 1872, certain creditors of the Knickerbocker Insurance Company presented their petition to the District Court for the Northern District of Illinois, representing that the company owed debts to an amount exceeding three hundred dollars, and that their respective demands against the company exceeded two hundred and fifty dollars, and that the company within six months next before the filing of the petition, being then and there insolvent or in contemplation of insolvency, made sundry payments of money to certain of their creditors in satisfaction of their claims with a view to give a preference to such creditors having such claims, and well knowing that the said company was insolvent.    They also represented that the said company within the said six months, being then and there bankrupt or in contemplation of bankruptcy, made divers payments of money, sales, conveyances, and assignments of property, mortgages, and other effects to various persons within the district, with intent and for the purpose of giving such persons a fraudulent preference over other creditors of the company, and for the purpose of preventing the assets of the company from being administered under the Bankrupt Act.    Based on these representations the prayer of the petition is that the company may be declared a bankrupt, and that a warrant may issue to take possession of the estate of the company.    On the return day for hearing the petition, the corporation respondents appeared and denied that they had committed the acts of bankruptcy set forth in the petition, and demanded in writing a trial by jury pursuant to the provision in such case made and provided.*    Subsequently other creditors were permitted to appear as petitioners, and the pleadings having been concluded the parties went to trial, and the jury, under the instructions of the court, found the respondents guilty

* 14 Stat. at Large, 537.

as alleged in the petition. Exceptions were duly filed by the respondents to the rulings and instructions of the court, and they sued out a writ of error and removed the cause into the Circuit Court for the same district. Suffice it to say, in respect to the exceptions, that they embrace not only material rulings and the instructions of the court given to the jury, but also the decisions of the court in refusing to instruct the jury as requested by the respondents. Errors were duly assigned by the respondents in the Circuit Court, but the Circuit Court dismissed the writ of error for want of jurisdiction, holding that a writ of error will not lie in such a case to remove the record from the District Court into the Circuit Court for re-examination. Jurisdiction, it was insisted by the respondents, did exist in the Circuit Court to re-examine such a case under a writ of error to the District Court which rendered the judgment, and they sued out a writ of error to the Circuit Court and removed the cause into this court.

Writs of error may be allowed from the Circuit Courts to the District Courts in cases at law, and appeals may be taken from the District Courts to the Circuit Courts in certain cases, under the jurisdiction created by the Bankrupt Act, when the debt or damages claimed amount to more than $500, but the provision is that no appeal shall be allowed from the District to the Circuit Court unless it is claimed and the required notices are given within ten days after the entry of the decree or decision from which the appeal is taken, and that no writ of error shall be allowed unless the party claiming it shall comply with the statutes regulating the granting of such writs    Applicants for an appeal must give bond as required under the act "to amend the judicial system," and the party claiming a writ of error must also give good and sufficient security to prosecute the writ to effect, and must comply with the regulations contained in the Judiciary Act as to the service of the writ and the required notice to the adverse party.

Taken literally, the ten days' limitation does not extend to

writs of error, but the better opinion is, in view of the fact that writs of error and appeals are associated together in the first clause of the section, that the word appeal at the commencement of the second clause means the same as review or revision, and that it was intended to include the writ of error as well as appeal, as the whole section seems to contemplate a more expeditious disposition of the cause in the appellate court than that prescribed in the Judiciary Act or the act to amend the judiciary system.*

Grant all that, and still it is insisted that a writ of error from the Circuit Court to the District Court will not lie in a case like the present, as neither the process nor proceeding is in form an action at law or a suit in equity, which must be admitted, confining the admission strictly to the matter of form. Even when so confined it may be doubtful whether the admission ought not to be further qualified, as the first pleading of the moving party is quite as analogous to the writ and declaration at common law as the petition now employed as a substitute for the common-law declaration in more than half of the State courts, and which, under the recent act to further the administration of justice, may be employed in the Federal courts.†

Support to that view is also derived from the first pleading of the respondents, which is in substance and effect the same as the first pleading of the claimant in an information based upon a seizure on land, where it is required that the case shall be tried by jury, unless the right is waived by the consent of the claimant.

Power and jurisdiction in all matters and proceedings in bankruptcy are conferred upon the District Courts, but the forty-first section of the Bankrupt Act expressly provides that the court shall, if the debtor, on the return day, or day of hearing, "so demand in writing," order a trial by jury, at the first term of the court at which a jury shall be in attendance, to ascertain the alleged fact of such alleged

* 14 Stat. at Large, 520; Morgan v. Thornhill, 11 Wallace, 75; 1 Stat. at Large, 85; 2 Id. 244.

† 17 Stat at Large, 196.

bankruptcy. Regulations are also enacted as to the matters open to inquiry and the course of the trial, as follows: that if, upon such hearing or trial, the debtor proves to the satisfaction of the court, " when the hearing is summary, or of the jury, if one is demanded," that the facts set forth in the petition are not true, or that he, the debtor, has paid and satisfied all liens upon his property, in case the existence of such liens is the sole ground of the petition, the proceedings shall be dismissed and the respondent shall recover costs.*

Such a provision is certainly entitled to a reasonable construction, and it seems plain, when it is read in the light of the principles of the Constitution and of analogous enactments, and when tested by the general rules of law applicable in controversies involving the right of trial by jury, that the process, pleadings, and proceedings must be regarded as governed and controlled by the rules and regulations prescribed in the trial of civil actions at common law. Congress, it must be assumed, in conceding to the debtor the right to demand a trial of the issue by a jury, intended to confer a right of some value, which would be converted into a mockery if the judge presiding over the trial may exclude by his rulings all the evidence which the debtor offers to disprove the charges set forth in the petition, and he, the debtor, be left without any power to resort to an appellate tribunal to correct the errors committed by the bankrupt court.

Cases of the kind, when tried by a jury, if the Circuit Court has any jurisdiction upon the subject, must be removed into that court by a writ of error, as when tried by a jury the case is excluded from the special jurisdiction conferred in the first clause of the second section of the act by the very words of the clause. Where " special provision" is otherwise made the case is excluded from the general superintendence and jurisdiction of the Circuit Court by the exception introduced, as a parenthesis, into the body of that

---

* 14 Stat. at Large, 537.

part of the section.* Decrees in equity rendered in the District Court, it may be admitted, might be revised in the Circuit Court in a summary way if Congress should so provide by law, but it is clear that judgments in actions at law rendered in that court, if founded upon the verdict of a jury, can never be revised in the Circuit Court in that way, as the Constitution provides that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rule of the common law." Two modes only were known to the common law to re-examine such facts, to wit: the granting of a new trial by the court where the issue was tried or to which the record was returnable, or, secondly, by the award of a *venire facias de novo* by an appellate court for some error of law which intervened in the proceedings.† All suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights, are embraced in that provision. It means not merely suits which the common law recognized among its settled proceedings, but all suits in which legal rights are to be determined in that mode, in contradistinction to equitable rights and to cases of admiralty and maritime jurisdiction, and it does not refer to the particular form of procedure which may be adopted.‡

Apply these rules to the case before the court and it is clear beyond doubt that the Circuit Court erred in dismissing the writ of error for the want of jurisdiction, as it was the right of the excepting party to have the questions, if duly presented in the bill of exceptions, re-examined by the Circuit Court, which leaves nothing further open for decision except the question what disposition shall be made of the case and what direction, if any, shall be given to the subordinate court.

Appellate courts under such circumstances do not determine the questions presented in the bill of exceptions filed

---

* Morgan *v.* Thornhill, 11 Wallace, 79.

† 2 Story on the Constitution (3d ed.), 584; Parsons v. Bedford et al., 3 Peters, 448; Knight *v.* Cheney, 5 National Bankrupt Register, 317.

‡ United States *v.* Wonson, 1 Gallison, 20.

in the District Court, as those questions have not been re-examined in the Circuit Court, and this court is not inclined to re-examine any such questions coming up from the District Court until they have first been passed upon by the Circuit Court. Consequently the question whether a writ of error will lie from this court to the Circuit Court to re-examine the rulings of the Circuit Court in a case removed into that court from the District Court, in such a case as the one under consideration, does not arise, as the record shows that the Circuit Court never passed upon the questions as to the correctness or incorrectness of the rulings of the District Court.

Repeated decisions of this court have established the rule that this court has power to issue a mandamus, in the exercise of its appellate jurisdiction, and that the writ will lie in a proper case to direct a subordinate Federal court to decide a pending cause.* Power to issue the writ of mandamus to the Circuit Courts is exercised by this court to compel the Circuit Court to proceed to a final judgment or decree in a cause, in order that this court may exercise the jurisdiction of review given by law; and in the case of *Ex parte Bradstreet,*† this court decided, Marshall, C. J., giving the opinion of the court, that every party has a right to the judgment of this court in a suit brought by him in one of the inferior courts of the United States, provided the matter in dispute exceeds the sum or value of two thousand dollars, and that the court in such case will issue the writ to a Circuit Court or a District Court exercising Circuit Court powers, in a case where the subordinate court had improperly dismissed the case, requiring the court to reinstate the case and to proceed to try and adjudge the issues between the parties.

Examined, as the case must be, in the light of these authorities, it is quite clear that the respondents, had they petitioned this court for a mandamus, instead of suing out a writ of error, would be entitled to a remedy in some one of

---

* Marbury *v.* Madison, 1 Cranch, 175; Kendall *v.* United States, 12 Peters, 622.

† 7 Peters, 647.

the forms in which a remedy is granted in such a case, but it is not doubted that the present decision will be in practice equally effectual to that end, as it is entirely competent for the Circuit Court, under the circumstances, to grant a rehearing and reinstate the case, and to proceed and decide the questions presented in the bill of exceptions.

Mandamus being the proper remedy, error will not lie.*

WRIT OF ERROR DISMISSED
FOR WANT OF JURISDICTION.

---

* Ayres *v.* Carver, 17 Howard, 591.