Boyle, J.
The plaintiff is the owner of a farm in Summit county, a portion of which has been damaged by being made wet and swampy and frequently some of it entirely submerged by water, so that it can not be used as formerly for agricultural purposes. This damage is alleged to have been the result of the acts of the defendants and their predecessors in office.
*530 It is claimed that these persons as members of the board of public works of the state, having entire charge of the canals, feeders, reservoirs, dams and other connections of the canals as part of public works of the state, among which are the Ohio canal passing through Summit county, Long lake, a reservoir, and the Tuscarawas river, a feeder, and also a channel from the lake to the canal, by means of raising certain embankments along the canal and the channel leading from Long lake to the canal, and by raising the height of the Tuscarawas dams in the Tuscarawas river, and also raising the height of the gates of the locks in the canal, the channel and the feeder at the foot of said lake, from time to time, covering a period of eight years or more last past, have gradually raised the level of the waters of the lake and river and their connections' from eighteen inches to' two feet above the original l'&vel thereof. This raising of the level of the water has caused it to back up in the river and overflow the banks thereof and flood more than thirty-five acres of plaintiff’s land. Plaintiff claims that the tract so flooded has been rendered almost worthless and the balance of his one hundred and thirteen acre farm damaged by reason thereof. Plaintiff frequently protested to the board against these acts, but he has never been recompensed for the damage done to his property, nor has any exigency happened or existed or been in immediate danger of happening that warranted the appropriation of his property in the manner described, which exigency would under Section 218-22 warrant immediate seizure and compensation afterwards.
Plaintiff maintains that the raising of the waters in these public works of the state and the consequent flooding of his land were wrongful acts on the part of the defendants as members of the board, and their predecessors, constituting a continuing nuisance and trespass for which he has no adequate remedy at law.
The acts complained of were' not done by the defendants as individuals, but by them and their predecessors' by virtue of and under color of their office.
Plaintiff claims to have requested defendants to lower the levels of the water in said public works to the original level, or *531 employ some means of preventing damage to his land. Their failure to do so is claimed to be a neglect of official duty.
A mandatory injunction is asked, compelling defendants to loAver the level of said waters to their original level or adopt some means of preventing injury to plaintiff’s property, unless defendants shall acquire the right to so use plaintiff’s property by due process of law.
The defendants to this petition interpose a demurrer, one of the grounds of which is, that the real party in interest is the state of Ohio, and the court has no jurisdiction over it; and has none over the defendants.
The demurrer raises the question whether the court has jurisdiction of the person of the defendants. If the court were confined to the parties to the record the demurrer on this ground might be considered as not well taken, but from an examination of the petition to ascertain how the court will be obliged to exercise that jurisdiction, in the light of the relief sought by the plaintiff and the real person to be affected by the decree to be made if the plaintiff should prevail in this suit, it is evident that there is a question whether the' action is not really against the state of Ohio, and the defendants, as a board of officers of the state, are only nominally the parties defendant. The action is not to restrain them from doing some act inimical to the rights of the plaintiff. The thing complained of has been done. In making improvements to the canal, the property of the state, the defendants and their predecessors in office as the board of public works of the state of Ohio have taken the property of the plaintiff. That is, they have destroyed its value by encumber--’ ing it with an overflow of water by raising the level of the canal and its connections for the benefit of the canal. This was a taking of the plaintiff’s property, for which compensation should have first been made to him before the appropriation, as guaranteed to him by Article I, Section 19 of the Constitution of the state of Ohio, and Article 5 of the Constitution of the United States.
There was no public exigency imperatively requiring its immediate seizure, in which event the compensation could have been provided after the taking. The taking should have followed *532 the compensation of the plaintiff for the damages in question. How much the offending parties may be liable for such unlawful acts is not a question in this proceeding. The question is, can the court, after the taking, compel the restoration of the thing taken ?
If the taking 'consists only of the transfer of the custody of the thing into the hands of the defendants, and they unlawfully held the same, the desired relief might be granted.
State, on Relation of Parrott, v. Board of Public Works, 36 O. S., ,409, where on mandamus proceedings the board was compelled to issue a warrant on the auditor of the state upon funds subject to its order and control for the application to the payment of an indebtedness incurred on account of the public works, and to which said fund was legally applicable.
Osborne v. Bank, 9 Wheat., 738, where specific moneys wrongfully taken from a United States Bank by state officers as a tax imposed by an unconstitutional act of the General Assembly of Ohio, were ordered to be refunded.
United States v. Lee, 106 U. S., 196 (27, p. 171), where land claimed to be unlawfully in possession of officers of the United States was recovered, the United States not being a party of record to the action.
Grisar v. McDowell, 73 U. S., 363 (18, p. 863); Brown v. Hager, 62 U. S., 305 (16, p. 125); Davis v. Gray, 83 U. S., 264 (21, p. 447); U. S. v. Peters, 9 U. S., 5; and Pennoyer v. McConnaughey, 140 U. S., 1 (35, p. 363), where officers were enjoined from selling lands which had previously been contracted to be sold by officers of the state to other persons, under a statute which had been repealed.
Tindal v. Wesley, 167 U. S., 203 (42, p. 137), where action prevailed against officers of state to recover land held by them and belonging to plaintiff.
These were all cases where the state or government was not a party to the suit. It is a recognized principle in all, however, that the judgments rendered against individuals claiming to hold as state officers are not conclusive against the state where it is not a party to the action or suit. Tindale v. Wesley, *533 167 U. S., 203 (42, p. 137); U. S. v. Lee, 106 U. S., 196 (27, p. 171).
But the ease at bar is not like these cases referred to, nor is it an action against the defendants as individuals where they might justify themselves by showing authority in law sufficient to protect them. The action is against them in their official capacity to compel them to undo what was done by them and their predecessors in office by virtue of such office, on behalf of the state and for the improvement of the public works of the state. A decree compelling them to lower the level of the waters of the canal and its connections will require their official action to' make changes in the present physical status of part of the public works of the state. It will, be unlike surrendering the possession of property of which they have the unlawful custody.
Here the taking of property has been attended by permanent physical changes in the canals,, locks, feeders, dams, and other parts of'this portion of the public works of the state. To surrender to the plaintiff what has been taken from him requires not passive surrender of property, but action on the part of the state to make changes in the physical features of its property, and such a lowering of the waters of the canal and diminution of volume of water stored in its reservoir as to affect the use of this property for navigation. For all that appears of record it may be assumed that the changes made by the state, which indirectly damaged the plaintiff, were necessary. The state, through its proper officers, made an improvement which necessitated the taking of private property. The public improvement has been made and the state is now in full and complete control and enjoyment of the public works so improved.
If this court can now compel the state through a decree operating on its board of public works to change the canal and its connections so as to destroy these improvements, it could with equal reason be urged to compel the state, through coercion of its officers, to abandon an entire portion of its public works because the land taken for the same had not been legally acquired by due process of law.
*534 The relief sought here is one requiring not simply action on the part of public officials affecting the control, custody or even title of- property in their possession, but action on the .part of the state through these officers. It is not an action asking the court to compel this board to do an act specially enjoined as a duty resulting from the office held by them, as if the court were asked to compel them to institute proceedings to ascertain the compensation, if any, due the plaintiff for the property taken in the making of a public improvement.
The board of public works is an agency of the state, established by the Constitution (Art. VIII, Sections 12 and 13), and their powers and .duties are prescribed by law (Section 218-20) for the superintendency of the public works. It acts under the name and by authority of the state, and where permanent improvements or betterments are made to the property of the state, which can not be undone without substantial detriment to the efficiency of any part of the public works, any complaint because of such action is against the state.
No suit can be brought against the state, by a Citizen thereof, without some special legislation permitting a suit of this character against -the state. The state may appear, but it can not be forced into court. Friend & Fox Paper Co. v. Lessees of Public Works, 7 Ohio Decisions, Reprint, 56; 1 Bull. 92; Cunningham v. Macon, etc. R. R. Co., 109 U. S., 446 (27, p. 992).
If plaintiff is entitled to redress he must look to the G-eneral Assembly for it. State, ex rel, v. Board of Public Works, 36 Ohio State, 409, 415.
■ The doctrine that the state can not be sued without its consent is too well settled to admit of debate. That its officers may be enjoined from executing unconstitutional acts of its Legislature, as in Pennoyer v. McConnaughy; Osburn v. Bank, and in other cases; or compelled to carry out contracts in the line of their duty and within their authority as public officers, as in Ohio, ex rel, v. Board of Public Works; or be prevented from taking property without compensation before the same has been taken and incorporated into the public works of the state, as in McArthur v. Kelly, 5 Ohio, 140, does not contradict this doctrine. -
*535 In view of the character of this suit, which is to require the defendants to do acts which from their nature will be acts of the state, the state must be regarded as the real party in interest.
In carrying on the business of the state in connection with its public works, the board acts with a discretion that can not be interfered with by the court, unless its contemplated action is in violation of law or infringes upon the rights of others. Cooper v. Williams, 4 Ohio, 253.
In this case the discretion that could have been controlled was the design to raise the level of the water, because it would injure the plaintiff, but that having been accomplished and the injury done plaintiff being past removal, unless the board again asserts its discretion to amend the public work or add to it, the court can not compel it to act, without usurping its functions.
What remedy plaintiff may have at law against the individuals who are impleaded and those referred to as predecessors in office, or against the defendants as a board to compel it to act along other lines of official duty by way of mandamus to meet the requirements of some duty owing to the plaintiff and provided for by law in cases of appropriating private property for public uses, need not be discussed here, for they do not bear on this issue.
The approved rule now appears to be that though the United States or a state is not named as a defendant, but is the real party against which the relief is asked and upon whom the 'judgment will operate, that the suit or action is really against the government, and the same can not be maintained without its consent. Re Ayres, 123 U. S., 443 (31, p. 216); Fitz v. McGhee, 172 U. S., 516 (43, p. 535); Minnesota v. Hitchcock, 185 U. S., 373 (46, p. 954); Oregon v. Hitchcock, 202 U. S., 59 (50, p. 934).
Of course this does not include cases in which officers of government are sued in appropriate form, to compel them to perform some ministerial duty imposed upon them by law, and which they wrongfully neglect or refuse to perform. Such are not suits against the government within the rule that the gov- *536 eminent can not be sued without its consent. Minnesota v. Hitchcock.
Raley & Dice, for plaintiff.
Wade H. Ellis, Attorney-General, Chas. P. Hine, Assistant Attorney-General, for defendant.
The first ground of demurrer in this case is well taken for the reason that the defendants named are sued as an executive board created to administer the state’s public works, and the relief asked is to compel them to exercise their power to amend and change the permanent character of a part of the public works which have been established by them and their predecessors in their official discretion as a necessary and proper construction for efficiently accomplishing the objects for which that portion of the public works of the state was created and for which it is maintained, and a judgment rendered such as will afford the relief asked will operate upon the state through its said board, and the real party in interest, therefore, is the state of Ohio, which has not consented that this suit may be maintained against it.
The demurrer is, therefore, sustained and plaintiffs’s petition dismissed.