138 F.2d 278 (1943)
SAFEWAY STORES, Inc.,
v.
BROWN, Price Administrator (three cases).
Nos. 80, 82, No. 84.
United States Emergency Court of Appeals.
Submitted October 8, 1943.
Decided October 12, 1943.
Writ of Certiorari Denied December 13, 1943.
Elisha Hanson and Eliot C. Lovett, both of Washington, D. C., for complainant.
George J. Burke, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, William R. Ming, Jr., Chief, Court Review Price Branch, and Carl H. Fulda, John O. Honnold, Jr., John J. Downey, Jr., James A. Durham, and Henry S. Sellin, Attys., all of the Office of Price Administration, all of Washington, D. C., for respondent.
Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.
Writ of Certiorari Denied December 13, 1943. See 64 S.Ct. 266.
PER CURIAM.
Safeway Stores, Incorporated, the complainant, has filed three complaints in this court. In each complaint it avers that within the statutory period of sixty days it filed a protest against a specified maximum price regulation, that the Price Administrator did not within the period of thirty days after the filing of the protest or the period of ninety days after the issuance of the regulation either grant or deny its protest in whole or in part, notice such protest for hearing or provide the complainant an opportunity to present further evidence in connection therewith. Each complaint thereupon states that "the failure and refusal of the respondent to act upon complainant's protest are not in accordance *279 with law, are arbitrary and capricious and constitute, in fact, a denial of the protest." The Price Administrator has moved to dismiss each complaint for want of jurisdiction upon the ground, inter alia,[1] that it appears from the face of the complaints that the complainant is not a person aggrieved by the denial or partial denial of his protest and is, therefore, not entitled to file a complaint in this court under the Emergency Price Control Act.
Section 203(a) of the act, 50 U.S.C.A. Appendix § 923(a), provides: "Within a reasonable time after the filing of any protest under this subsection, but in no event more than thirty days after such filing or ninety days after the issuance of the regulation or order * * * in respect of which the protest is filed, whichever occurs later, the Administrator shall either grant or deny such protest in whole or in part, notice such protest for hearing, or provide an opportunity to present further evidence in connection therewith."
Section 204(a), 50 U.S.C.A. Appendix § 924(a), provides: "Any person who is aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals, created pursuant to subsection (c), specifying his objections and praying that the regulation, order, or price schedule protested be enjoined or set aside in whole or in part."
The complainant contends that since the statute made it the duty of the Price Administrator to take some action upon its protests within thirty days after their filing or within ninety days after the issuance of the regulations, whichever occurs later, the failure of the Administrator to take any action within those periods must be treated as amounting to such a denial of the protest as would afford it the right to file the complaints. We are satisfied that this contention cannot be sustained.
The language of Section 204(a) which we have quoted makes it clear that the jurisdiction of this court may only be invoked by a complainant when his protest has been denied by the Price Administrator *280 in whole or in part. We think that this means that the protest must have been actually denied by an overt act of the Administrator. It must be remembered that the statute does not require the Administrator to take final action upon a protest within the periods mentioned. He may instead notice it for hearing or otherwise afford the protestant an opportunity to present further evidence in connection with it, in which event its final disposition will necessarily be deferred beyond the periods specified. Furthermore, it is obvious that in many cases it would be wholly impracticable for the Administrator to take considered final action on a protest within the periods specified in the statute. The fact that the act does not require such final action within those periods removes the basis for the complainant's theory that failure of the Administrator to take final affirmative action within the periods necessarily amounts to a rejection. Then also the act requires the Administrator, when denying a protest, to inform the protestant of the grounds of his decision. We think that it was the intention of Congress that not only the protestant but this court as well should have the benefit of such a statement of the reasons for the Administrator's action. Obviously it will not be available if he has not acted.
To adopt the view contended for by the complainant would in effect be to amend the statute so as to give this court jurisdiction not only in case of the denial or partial denial of a protest but also in case of failure of the Administrator within the periods of time specified in Section 203(a) to take either the final or procedural action with respect thereto which Section 203(a) authorizes him to take. It is of course within the power of Congress[2] to confer such additional jurisdiction upon this court but we may not assume to exercise it without statutory authority. Compare United States v. Bell, 4 Cir., 1935, 80 F.2d 516.
It does not follow, however, that a protestant is wholly without remedy in case the Price Administrator improperly delays action upon his protest. Section 203(a), as we have seen, requires some action, not necessarily final, to be taken within a time which it specifies. If procedural action is taken within that time the statute is silent as to a further time limit upon final action thereafter. But we think that by clearest implication the act requires such action within a reasonable time. If the Administrator should unreasonably delay final action it would seem clear that this court, upon a proper showing, may under the authority of Section 262 of the Judicial Code, 28 U.S.C.A. § 377, in aid of its jurisdiction issue an order in the nature of a writ of mandamus directing the Price Administrator to take action upon a pending protest. Knickerbocker Ins. Co. v. Comstock, 1872, 83 U.S. 258, 270, 16 Wall. 258, 270, 21 L.Ed. 493; McClellan v. Carland, 1910, 217 U.S. 268, 280, 30 S.Ct. 501, 54 L.Ed. 762; Roche et al. v. Evaporated Milk Ass'n et al., 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185. Under such circumstances mandamus will lie where an inferior tribunal or agency refuses to act even though the act required involves the exercise of judgment and discretion. Ex parte Newman, 1871, 81 U.S. 152, 169, 14 Wall. 152, 169, 20 L.Ed. 877; Interstate Com. Comm. v. United States ex rel. Humboldt Steamship Co., 1912, 224 U.S. 474, 485, 32 S.Ct. 556, 56 L.Ed. 849. Of course, in such a case the decree of the court would merely require the Administrator to exercise his discretionary power with respect to the protest without any direction as to the manner in which his discretion should be exercised.
The complaints are dismissed.
NOTES
[1] The Price Administrator in support of his motions to dismiss the complaints has also stated that he has taken action, not involving denial, with respect to each protest. In No. 80, in which the statutory period expired August 12, 1943, he amended the protested regulation on September 2, 1943, and on September 7, 1943, entered an order providing complainant an opportunity to show wherein the relief requested had not been granted by the amendment. In No. 82, in which the statutory period also expired August 12, 1943, the Price Administrator issued an order on August 7, 1943, consolidating the protest with two others filed by complainant and on August 24, 1943, issued an order incorporating into the record of the consolidated proceeding a statement prepared by the Bureau of Labor Statistics and affording complainant the opportunity to present within 30 days rebuttal or explanatory evidence. On September 8, 1943, he denied complainant's request for oral hearings but provided complainant the opportunity to present in written form the additional evidence which it would have offered at the requested hearings. In No. 84, in which the statutory period expired August 23, 1943, the Price Administrator issued an order on August 7, 1943, consolidating the protest with three others filed by complainant and on August 28, 1943 he denied requests for oral hearings and afforded complainant an opportunity to present in written form the further evidence which it would have presented if the oral hearings had been held. On September 3, 1943, he issued an order incorporating into the record of the consolidated proceeding two statements of the Bureau of Labor Statistics and a statement of economic data and other facts officially noticed by him and providing complainant the opportunity to present within 30 days' rebuttal or explanatory evidence. On September 9, 1943, a further order of consolidation was entered and a further opportunity to present written evidence was given.

We may take judicial notice of these orders of the Price Administrator. Caha v. United States, 1894, 152 U.S. 211, 221, 14 S.Ct. 513, 38 L.Ed. 415; Smyth v. Asphalt Belt Ry. Co., 5 Cir., 1926, 12 F.2d 14, 15; Lyons Milling Co. v. Goffe & Carkener, Inc., 10 Cir., 1931, 46 F.2d 241, 246, 83 A.L.R. 401. In view of our construction of the statute it is unnecessary for us to consider these orders, however. We refer to them merely to indicate that complainant's protests have not been overlooked by the Price Administrator but have been receiving his attention. Whether final action upon them has been delayed unreasonably is not before us and we intimate no opinion upon that question.
[2] A bill (S. 238, 78th Cong. 1st Sess.) now pending in Congress proposes to amend the act by directing the Administrator either to grant or deny protests within sixty days after their filing and by empowering any person aggrieved by the Administrator's failure to decide a protest within that period to file a complaint in this court.