## R. E. SCHANZER, Inc., v. BOWLES, Price Administrator.

### No. 114.

United States Emergency Court of Appeals.

Heard at Washington March 3, 1944.

Decided March 17, 1944.

Richard A. Tilden, of Washington, D.C., (Feldman, Kittelle, Campbell & Ewing, of Washington, D. C., on the brief), for complainant.

Nathaniel L. Nathanson, Associate Gen. Counsel, of Washington, D. C. (John O. Honnold, Jr. and James A. Durham, Attys., Office of Price Administration, both of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER, and LAWS, Judges.

MARIS, Chief Judge.

In this case the Price Administrator dismissed the complainant's protest as untimely filed and he has now moved to dismiss the complaint as not based upon the denial of a timely protest. It is agreed that the grounds of complainant's protest arose more than 60 days after the issuance of the regulations against which it protested and that its protest was filed more than 60 days after the grounds of protest arose. The case thus squarely raises the question whether Section 203(a) of the Emergency Price Control Act[1] authorized the filing of the protest under these circumstances. If the act requires that a protest based upon new grounds arising more than 60 days after the issuance of the regulation must be filed within 60 days after the grounds of protest arose, the protest in this case was filed too late, its dismissal by the Administrator as not timely was correct, and the complaint must be dismissed as not based upon the denial of a timely protest.

The solution of the question depends upon the construction to be placed upon the first two sentences of Section 203(a) of the act, which are as follows:

"Sec. 203(a). Within a period of sixty days after the issuance of any regulation or order under section 2, * * * or in the case of a price schedule, within a period of sixty days after the effective date thereof specified in section 206, * * * any person subject to any provision of such regulation, order, or price schedule may, in accordance with regulations to be prescribed by the Administrator file a protest specifically setting forth objections to any such provision and affidavits or other written evidence in support of such objections. At any time after the expiration of such sixty days any person subject to any provision of such regulation, order, or price schedule may file such a protest based solely on grounds arising after the expiration of such sixty days."

As we stated in Galban Lobo Co. v. Henderson, Em.App. 1942, 132 F.2d 150, certiorari denied 318 U.S. 756, 63 S.Ct. 530, 87 L.Ed. 1130, these provisions are imperfectly expressed. It is clear enough from the first sentence that a protest against a regulation not based on new grounds arising after its issuance must be filed within 60 days after the issuance of the regulation. It also seems clear from the language of the second sentence that if the grounds of protest arise more than 60 days after the issuance of the regulation a protest may be filed at any time after the grounds arise. This is the construction for which the complainant contends.

The Administrator, however, says that the matter is not quite so clear as this. He

---

points out that new grounds of protest might well arise within 60 days after the issuance of the regulation, in which case, since no specific provision is made for a protest based upon such grounds, they would have to be asserted in a protest filed within the original period of 60 days after the issuance of the regulation. Thus, he says, if such new grounds arose on the 59th day the protestant would have only one day within which to file his protest. He urges that to construe the statute as giving but one day within which to file a protest if based upon grounds arising 59 days after the issuance of the regulation and an unlimited time if based upon grounds arising two days later is to give it an unjust and absurd interpretation.

We think it is true that there is no specific limitation imposed by the act upon the time of filing a protest based on new grounds arising within 60 days after the issuance of the regulation. But this is because the act, through an apparent oversight of its draftsman, does not purport to deal with such protests at all. Consequently the extent of the time limitation upon the filing of such a protest presents a much more difficult question. Perhaps, as the Administrator suggested in the Galban Lobo Co. case, such a protestant should have 60 days after the new grounds arose in which to file his protest. Perhaps, as the Administrator now suggests, the literal language of the statute requires that such a protest be filed within 60 days after the issuance of the regulation. On the other hand, since the statute does not specifically impose any time limitation on such a protest, perhaps there is none. These questions we must answer when they arise, but they are not presented by the present case. Here we are dealing with a protest based on grounds arising after the expiration of 60 days after the issuance of the regulation as to which the plain and unambiguous language of the second sentence of Section 203(a) states that it may be filed "At any time after the expiration of such sixty days."

It is true, as the Administrator urges, that if the plain meaning of the words used in a statute produces an unreasonable, absurd or futile result, plainly at variance with the policy of the legislation as a whole, the courts may follow the purpose of the statute rather than its literal words.[2] But unless it is quite clear that such a result will be produced the courts should give effect to the plain meaning of the words used in the statute.[3] We think that this is especially true when it is sought by construction to read into a statute a limitation upon an aggrieved person's right to obtain relief from unlawful administrative action which the literal language of the act does not impose.

We are unable to say that the plain meaning of the language of the second sentence of Section 203(a), if followed, will clearly produce an unreasonable, absurd or futile result. The Administrator urges that it was the Congressional intention to impose a uniform limitation period of 60 days upon the filing of all protests and that any other construction would be unreasonable. We do not agree. The plain meaning of the words which Congress used does not so indicate. Moreover we can see valid reasons for making a distinction as to time of filing between a protest based on grounds inherent in the regulation itself as issued and one based on new grounds arising later.[4]

In the first case the impact of the newly issued regulation upon the businesses of the persons whom it affects is likely to be sharply defined. Grounds of protest are

[2] United States v. Rosenblum Truck Lines, 1942, 315 U.S. 50, 62 S.Ct. 445, 86 L.Ed. 671; United States v. Amer. Trucking Ass'ns, 1940, 310 U.S. 534, 608 S.Ct. 1059, 84 L.Ed. 1345.

[3] United States v. Standard Brewery, 1920, 251 U.S. 210, 40 S.Ct. 139, 64 L. Ed. 229; Caminetti v. United States, 1917, 242 U.S. 470, 37 S.Ct. 192, 61 L. Ed. 442, L.R.A.1917F, 502, Ann.Cas. 1917B, 1168.

[4] We need not here consider the special class of protests based on new grounds arising within 60 days after the issuance of the regulation because the complete failure of the act to make any provision for them creates, as we have said, a special problem as to them with which we are not now concerned. Moreover we cannot say that it is unreasonable to make a distinction between grounds of protest which arise very shortly after the issuance of a regulation and are, therefore, likely to have resulted from its original impact upon the economy and those which arise after the regulation has been in force for a substantial period of time and, therefore, are more likely to have resulted from subsequent changes in the economy itself. Nor can we say that it is unreasonable to fix the point of division between the two types as the 60th day after the issuance of the regulation.

likely to be at once apparent. Furthermore it is vitally important in the public interest that the essential validity of the regulation be promptly established. In the second case, however, the new grounds for protest may develop by almost imperceptible degrees. For example, the regulation may become no longer generally fair and equitable and may, therefore, become subject to protest because of a general industry-wide increase in costs resulting in an unreasonable decrease in the profits realized by the industry.[5] It may be virtually impossible to isolate within any period of 60 days the exact time at which the descending curve of profits has transformed the regulation from reasonable to unreasonable and has carried it from the zone of validity into that of invalidity. We think that Congress may well have thought it unreasonable to require a protestant in such a position to stake his whole right to relief upon the accuracy, within the narrow tolerance of 60 days, of his guess as to the point in time which the Administrator and this court would ultimately decide to be the turning point in his industry. It can hardly be gainsaid that the reasonableness of profits is one concept upon which the opinions of men may fairly differ widely.

It can, therefore, hardly be said to be unreasonable to permit one who desires to protest a regulation on new grounds arising more than 60 days after the issuance of the regulation to take such time as he may need for the filing of his protest. The fact that he cannot obtain relief for some months after it is filed should, as a matter of self interest, in most cases result in its being filed with reasonable promptness. If he delays unduly the defense of laches may be available to the Administrator. Likewise the fact that the initial validity of the regulation is no longer assailable by such a

protestant[6] should render the unlimited right of protest on new grounds less objectionable from the Administrator's standpoint. For the regulation remains in force in the interim free from any possible claims of inherent vice.

■ Finally the Administrator urges that by § 1300.26 of his Revised Procedural Regulation No. 1[7] he has interpreted these provisions of the act in accord with his present contention and that this regulation should be considered as a contemporaneous administrative construction of the act to which we should give weight. Aside from the point that an administrative regulation may not be used to amend the plain terms of a statute under the guise of interpreting it,[8] we cannot acquiesce in the effect sought to be given to this regulation because we find that it was but an afterthought of the Administrator and not a contemporaneous construction of the act by him.[9] On the other hand the original Procedural Regulation No. 1, which was issued by the Administrator on February 12, 1942, one day after he took office, provided in § 1300.11, as follows:

"§ 1300.11 *Time and place for filing protests.* Any protest against a provision of a maximum price regulation shall be filed with the Secretary, Office of Price Administration, Washington, D. C., within a period of 60 days after the date of issuance of such regulation, regardless of the effective date prescribed therein: *Provided, however,* That any protest based solely upon grounds arising after the expiration of 60 days after the date of issuance of a maximum price regulation may be filed at any time after the grounds for such protest arise."[10]

It will be seen that in this regulation the Administrator adopted the construction

---

[5] See Philadelphia Coke Co. v. Bowles, Em.App.1943, 139 F.2d 349, 356.

[6] Harlem Metal Corporation v. Brown, Em.App.1943, 136 F.2d 242, 244.

[7] "§ 1300.26 *Time and place for filing protests.* Any protest against a provision of a maximum price regulation shall be filed with the Secretary, Office of Price Administration, Washington, D. C. within a period of sixty days after the date of issuance of such regulation, regardless of the effective date prescribed therein: *Provided, however,* That any protest based solely on grounds arising after the date of issuance of a maximum price regulation shall be filed within a period of sixty days after the protestant has had, or could reasonably have had, notice of the existence of such grounds: *Provided, further,* That protests of any person having his principal place of business in a territory, shall be filed with the director of the appropriate territorial office." 7 F.R. 8963.

[8] Commissioner of Int. Rev. v. Warren Webster Trust No. 1, 3 Cir., 1941, 122 F.2d 915.

[9] Revised Procedural Regulation No. 1 was issued November 2, 1942, eight months and twenty-two days after the Administrator took office.

[10] 7 F.R. 972.

called for by the plain meaning of the second sentence of Section 203(a), namely, that a protest against a regulation which is based on grounds arising more than 60 days after the issuance of the regulation may be filed at any time after the grounds arise. That the Administrator intended by this regulation to interpret the statute and not merely to copy its language without attempting to resolve any ambiguities thought to exist therein, is manifest from the fact that in the regulation he rearranged the language of the second sentence of Section 203(a) so as to make the lack of a time limitation upon the filing of protests under that sentence even plainer than the statutory language had made it.

We adopt this contemporaneous construction of the statute by the Administrator and reject his inconsistent construction made eight months later. We accordingly conclude that the complainant's protest was timely filed. The Administrator's motion to dismiss the complaint must, therefore, be denied.

The action which the Administrator took in this case was to dismiss the protest as untimely filed without any consideration of its merits. He accordingly has moved in the alternative to strike out of the complaint all those allegations and prayers for relief which go to the merits, in order that the cause may be remanded to him for consideration of the merits of the protest if this court should decide, as we now do that he was in error in dismissing it as untimely. We think that the motion should be granted. It is the intention of the act that this court should have the benefit of the views of the Administrator upon the merits of the questions which are raised in the complaints which we must consider.[11] Without his views before us we can hardly hope to do full justice to all the interests, public and private, which are involved in these cases.

With all questions as to the merits of the protest stricken from the complaint there remains only the question whether the Administrator erred in dismissing the protest upon the jurisdictional ground, untimely filing, upon which his action was solely based. This question we have decided against the Administrator in denying his motion to dismiss the complaint. We think that it will serve no useful purpose to require him to file an answer to the remaining allegations of the complaint since he has in his motion and at bar admitted them to be true. He has already filed with his motions a copy of his opinion and order dismissing the protest. These constitute a sufficient transcript of the proceedings before him to enable us to dispose finally of the complaint. We shall accordingly do so at this time by setting aside his order dismissing the protest and by remanding the cause to him for consideration of its merits.

The complainant strongly urged at bar that the delay already occasioned by the Administrator's erroneous dismissal of its protest without considering its merits has seriously injured it and that further delay may well prove disastrous to its business. The act contemplates that action upon a protest shall be taken with all reasonable speed so that if a protestant is entitled to relief against the impact of a regulation he may secure it promptly before its operation results in the loss of his business or property.[12] We, therefore, think it appropriate to say that upon the remand of this cause the complainant's pending protest should be given immediate consideration by the Administrator and should be acted upon by him speedily.

The Administrator's motion to dismiss the complaint is denied, and his motion to strike out portions of the complaint is granted. Upon consideration of the remaining portions of the complaint, the order of the Administrator dismissing the complainant's protest is set aside and the cause is remanded to the Administrator with directions to consider and dispose of the complainant's protest on its merits.

[11] Safeway Stores v. Brown, Em.App. 1943, 138 F.2d 278, 280, certiorari denied 320 U.S. ——, 64 S.Ct. 266.

[12] In Safeway Stores v. Brown, Em. App.1943, 138 F.2d 278, certiorari denied 320 U.S. ——, 64 S.Ct. 266, we alluded to our power to issue an order in the nature of a writ of mandamus directing the Administrator to take action upon a pending protest upon which action has been unreasonably delayed. In M. H. Nagle, Inc. v. Bowles, No. 78, and Aberle, Inc., et al. v. Bowles, No. 97, we entertained applications for such orders but did not actually enter them because the Administrator in each case took final action upon the complainant's protest before the orders were entered.