BOWLES, Price Administrator, v. CHAS. A. KRAUSE MILLING CO.

Civil Action No. 1553.

District Court, E. D. Wisconsin.
Feb. 22, 1945.

John J. Burke and Lee K. Beznor, both of Milwaukee, Wis., OPA office, for plaintiff.

Willis G. Sullivan, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

On January 10, 1945, this court set for trial the preliminary issue raised by the paragraph in the answer alleging this action was brought without the knowledge, consent, or approval of the plaintiff as administrator of O.P.A.

At said hearing the attorneys for plaintiff admitted that Chester Bowles, the Administrator of the O.P.A., had no knowledge personally of the commencement of this action. However, Second Revised General Order No. 3, effective September 7, 1944, which was subsequent to the date this action was commenced, was received in evidence. This order conferred authority on attorneys appointed under the act to institute and conduct actions in the name of the plaintiff; it also ratified, confirmed and approved "all acts done and all proceedings had or taken by an attorney-at-law * * * purporting to act in the name of or on behalf of the Price Administrator in any suit, action or proceeding heretofore at any time brought or purporting to be brought by the Price Administrator in any court of the United States * * *."

I am of the opinion that this order was a sufficient ratification of the action of the local O.P.A. attorneys in commencing this

suit. Robb v. Vos, 155 U.S. 13, 15 S.Ct. 4, 39 L.Ed. 52; Rodgers v. Bromberg, 5 Cir., 53 F.2d 723, 724; Hot Springs Coal Co. v. Miller, 10 Cir., 107 F.2d 677, 680. Defendant's objection as stated in Paragraph 1 of the answer is overruled.

In considering the various motions to strike, it should be kept in mind that this action was brought by the Administrator of O.P.A. to recover treble damages for alleged violations by the defendant in the sale of hominy feed at prices claimed to be in excess of those permitted by MPR 401. Hominy feed is a by-product of the dry milling of corn.

The trial will be before the court without a jury. No part of the pleadings should be stricken unless clearly redundant, immaterial, impertinent, or scandalous. Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Parts of the answer should not be stricken which have a direct relation to the controversy.

Plaintiff moves to strike Paragraph 2 of the answer which denies that at the times mentioned in the complaint any valid maximum price regulation establishing maximum prices for the sale of hominy feed was in effect pursuant to the Emergency Price Control Act. It will be noted that this denial goes further than alleging that some admittedly existing regulation is invalid; it puts the burden on the plaintiff to establish that some purported maximum price regulation actually governed the sale of hominy feed during the period covered by the complaint. The motion to strike this paragraph will be denied.

Plaintiff moves to strike the seven sub-sections of Paragraph 5 of the answer. These set forth in substance: (i) That the language of the alleged maximum price regulation involved is not susceptible of intelligent understanding; (ii) that said regulation failed to fix a maximum price for hominy feed except by reference to another regulation on another commodity, and was not reasonably certain and clear; (iii) that plaintiff's predecessor in office failed to consult with members of the industry affected; (iv) that said predecessor failed to find that the price of hominy feed had risen or threatened to rise to an extent inconsistent with the purpose of the Emergency Price Control Act; (v) that said predecessor attempted to effect unnecessary changes in the business practices, cost practices and methods of defendant and established in the industry; and (vi) that plaintiff's predecessor attempted to adopt an unfair price schedule which was arbitrary and capricious and attempted to create classifications and differentiations which were unnecessary. It is apparent that each of these defenses attempts to raise the issue of the validity of the maximum price regulation in controversy. It is well settled that this question is within the exclusive jurisdiction of the Emergency Court of Appeals. Sec. 204(d), Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 924(d); Yakus v. United States, 321 U. S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. The motion to strike each of the six sub-sections mentioned will be granted.

Sub-section (vii) of Paragraph 5 alleges that the plaintiff's predecessor in office failed to grant or deny or otherwise act upon the protest filed in behalf of the defendant and other members of the industry against said purported MPR 401 within the time required by law, or at any other time, and refused the request of said association that a meeting be had with representatives of said industry to advise and consult as to the meaning and effect of said regulation. However, it is settled that the administrator's failure to act within the period limited by statute only gives rise at most to the right of a mandatory order against him by the Emergency Court of Appeals. Safeway Stores, Inc. v. Brown, Em.App., 138 F.2d 278; Robkin v. Bowles, Em.App., 143 F.2d 600. As the issue thus raised has no possible bearing upon the outcome of the litigation in this court, the motion to strike sub-section (vii) will likewise be granted.

Plaintiff seeks to strike Paragraph 6 of the answer which sets forth that defendant charged prices for the hominy feed identical with those charged by defendant's competitors and alleges a practical interpretation by the administrator of the regulation in question under which the defendant acted in the sale of hominy. The motion to strike this paragraph will be denied.

Paragraph 7 of the answer alleges that plaintiff issued Amendment 10 to MPR 305 for the purpose, among others, of placing hominy feed under MPR 305 and removing it from purported MPR 401; that

said amendment established a fixed, definite and unambiguous maximum price for hominy feed; that plaintiff issued a statement of consideration, two paragraphs of which defendant sets forth in its answer; and that such statement of consideration was an administrative construction favorable to the defendant's contention herein. Although defendant may make use of the administrator's statement on the trial for whatever effect it may have, it has no place as part of the pleadings in this action and will be stricken.

Plaintiff also moves to strike a portion of defendant's amended answer which alleges that Amendment 3 to MPR 401, effective June 3, 1944, which was prior to the commencement of this action, revoked the provisions of MPR 401 establishing maximum prices for the sale of hominy and that thereby any and all right, remedy, claim, or demand of plaintiff against defendant for the alleged violation of MPR 401 was released, extinguished and revoked. Defendant thus seeks to raise a question of law. It may remain a part of his pleading and will be determined after the testimony has been received upon the trial. The motion to strike the portion in question of the amended answer will be denied.