### PITTS v. WOODS.

### No. 473.

United States Emergency Court of Appeals

Submitted Aug. 4, 1948.

Decided Aug. 20, 1948.

F. Trowbridge vom Baur, of Washington, D. C., for complainant.

Ed Dupree, Gen. Counsel, and Charles P. Liff, Chief, Appeals Section, Office of Housing Expediter, both of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant, a tenant of a dwelling house near Red Bank in the Northeastern New Jersey Defense-Rental Area, seeks the review of orders of the Area Rent Director entered on December 6, 1946, the practical effect of which was retroactively to increase his legal maximum rent from $33.34 to $125 per month. The complainant's protest against the orders having been dismissed by the respondent without considering the merits, we struck the original complaint which sought consideration of the merits of the protested order. See R. E. Schanzer v. Bowles, Em.App., 1944, 141 F. 2d 262. Pursuant to our leave an amended complaint was then filed asking us to set aside the order of the respondent dismissing the protest and remand the case to him for consideration of the merits of the protest. The respondent has now moved to dismiss the amended complaint upon the ground that the complainant did not have legal standing to file his protest and that its dismissal on that ground without considering its merits was, therefore, proper. Considering, as we must on this motion, that the facts alleged in the amended complaint and in the exhibits annexed thereto are true the following facts appear.

In June, 1945 the complainant leased the dwelling house in question at a rental of $125 per month which he paid from that time until July 1946 when he discovered after conference with officials of the local rent office that the legal maximum rent was only $33.34 per month. This appeared in the original registration statement filed by the owner which stated that the rent on the maximum rent date was $33.34. Thereafter at the suggestion of the local rent officials the complainant brought suit against his landlord in the United States District Court for the District of New Jersey to recover the overcharge. The suit is still pending and has been postponed from time to time to await the outcome of these proceedings. The Area Rent Director's orders entered on December 6, 1946 comprised (a) an order finding that the rent on the maximum rent date was $150 per month which amount was the maximum rent, and (b) an order decreasing retroactively to July 1, 1945 the maximum rent thus found from $150 to

$125 per month upon the ground that the complainant had been deprived of the use of a portion of the grounds which had been occupied by the maximum rent date tenant.

The respondent contends that the complainant as tenant was not "subject to" these orders within the meaning of Sec. 203 (a) of the Emergency Price Control Act of 1942 [1] and, therefore, was without standing to protest them under that section or to secure their review on complaint in this court. The respondent contends that a person is "subject to" an order only when it prohibits or requires action by him, citing our opinion in Buka Coal Co. v. Brown, Em.App., 1943, 133 F.2d 949. He asserts that the orders here in question did not prohibit or require action by the complainant. The respondent accordingly maintains that the dismissal of the complainant's protest without considering its merits was appropriate and that his complaint should likewise be dismissed. We do not agree.

In Parker v. Fleming, 1947, 329 U.S. 531, 67 S.Ct. 463, 91 L.Ed. 479, the Supreme Court upheld the right of a tenant to protest an order authorizing his landlord to proceed with his eviction. The court pointed out, 329 U.S. page 466, 536, 67 S.Ct. 91 L.Ed. 479, that both the Administrator and this court "have determined that the question of whether a person is 'subject to' an order is dependent to some extent upon whether the order immediately, substantially and adversely affects him, as well as whether the order requires or prohibits action by him." Under this standard we think that the present complainant was "subject to" the orders here in question and was, therefore, entitled to protest them and secure their review in this court.

We do not have here the case of a tenant who seeks to protest a general rent regulation applicable to him along with all others coming within its scope. Such a case would be altogether different, as the Supreme Court pointed out in the Parker case 329 U.S. page 538, 67 S.Ct. 463, 91 L.Ed. 479. Nor are we called upon to decide whether a tenant has standing to protest an individual adjustment order affecting him alone but operating prospectively only. That, too, involves different considerations. For here we have the case of a tenant who is entitled under Sec. 205(e) of the act [2] in an action which he has instituted for that purpose to recover back from his landlord over $1,000 in rent which he has actually paid, unless the subsequently entered orders which he has protested are given the retroactive effect which they purport to have. And the orders must be given that effect under Sec. 204(d) of the act [3] unless they are set aside by the respondent on protest or declared invalid by this court. Thus the orders directly operate to deprive the complainant of an existing chose in action and to defeat his right to recover upon that chose in action in a suit which he had instituted before the orders were entered. It is difficult to conceive of a more immediate, substantial and adverse effect than this.

The respondent's motion to dismiss the amended complaint will be denied. Upon consideration of the amended complaint a judgment will be entered setting aside the order of the Housing Expediter of April 23, 1948 dismissing the complainant's protest and remanding the cause to the Housing Expediter with directions to consider and dispose of the complainant's protest on its merits.

---

[1] 50 U.S.C.A.Appendix, § 923(a).
[2] 50 U.S.C.A.Appendix, § 925(e).
[3] 50 U.S.C.A.Appendix, § 924(d).