143 F.2d 600 (1944)
RABKIN
v.
BOWLES, Price Adm'r.
No. 130.
Emergency Court of Appeals.
Heard June 3, 1944.
Decided July 7, 1944.
Paul W. Steer, of Cincinnati, Ohio (Steer, Strauss & Adair, of Cincinnati, Ohio, on the brief), for complainant.
Warren L. Sharfman, Chief, Court Review Rent Branch, of Washington, D. C. (Richard H. Field, General Counsel, Nathaniel L. Nathanson, Associate General Counsel, Herbert H. Bent, and Charles P. Liff, Attorneys, all of Office of Price Administration, all of Washington, D. C., on the brief), for respondent.
Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.
Heard at Cincinnati June 3, 1944.
MARIS, Chief Judge.
Complainant is the owner of three four-room and three five-room apartments in the Cincinnati Defense-Rental Area which are subject to the provisions of Maximum Rent Regulation No. 53.[1] These apartments were not rented on March 1, 1942, the maximum rent date for the Area under the Regulation, nor during the preceding two months, but were first rented after that date and before November 1, 1942, the effective date of the Regulation. Consequently under Section 4(c) of the Regulation, the first rents charged became complainant's maximum rents, subject, however, to reduction by the Area Rent Director pursuant to Section 5(c) (1) if they were found to be higher than the rents generally prevailing in the Area for comparable accommodations on the maximum rent date.
On July 7, 1943 complainant was served with notices of the institution by the Area Rent Director on his own initiative of proceedings under Section 5(c) (1) to reduce the rents charged for all six apartments. Complainant filed objections to the proposed reductions but on July 23, 1943 the Area Rent Director issued orders reducing the rents from $25 to $20 per month in the case of the five-room apartments, and from *601 $20 to $17 per month in the case of the four-room apartments. On August 6, 1943 the complainant filed with the Regional Administrator for the Third Region his applications for review of the Area Rent Director's orders. These applications were denied on September 13, 1943. On October 7, 1943 the complainant filed with the Price Administrator a protest against this action by the Regional Administrator. On December 16, 1943 the Price Administrator incorporated into the record of the protest proceeding affidavits of two of his rent inspectors and afforded complainant an opportunity to present rebuttal evidence. Complainant, however, did not present such evidence but moved to strike the affidavit from the record as filed too late. The Price Administrator ignored this motion and on February 29, 1944 denied the protest. His order was accompanied by an opinion indicating that he had relied upon the affidavits of his rent inspectors. The filing of the present complaint followed on March 13, 1944.
The basic objection raised by complainant is that the Administrator's order was "contrary to the manifest weight of the evidence, thus clearly erroneous, and not in accordance with law". He urges that affidavits of five real estate experts of the Cincinnati area which he filed with the Administrator prove that the rentals which he had charged for the apartments in question were in accordance with prevailing rates for similar housing accommodations. He complains that the Administrator failed to credit this evidence. The affidavits of the two rent inspectors, however, indicated that complainant's rents were higher than those generally prevailing for comparable accommodations on the maximum rent date and that the lower rents fixed by the Area Rent Director were appropriate. Although the evidence was much discussed by counsel at the hearing of this case it will serve no useful purpose to continue that discussion here, for the arguments of counsel made it perfectly plain that although the evidence was conflicting that presented by the rent inspectors furnished ample support for the fact findings made by the Administrator. Since the resolution of conflicts in the evidence thus arising and the evaluation of its weight is for the Administrator and not for this court we may not set aside his fact findings as arbitrary or capricious when, as here, there is substantial evidence to support them.
Complainant urges that the Administrator's witnesses were not qualified as real estate experts and that since his own witnesses were so qualified the Administrator should have believed the latter rather than the unexpert rent inspectors. But this also was a question of credibility and weight for the Administrator to decide. Spiller v. Atchison T. & S. F. Ry. Co., 1920, 253 U.S. 117, 130, 40 S.Ct. 466, 64 L.Ed. 810. Certainly we cannot say that it was arbitrary or capricious to credit the evidence of the rent inspectors whose daily work for a year had consisted largely of inspecting housing accommodations in the Defense-Rental Area and determining rental values and who were not shown to have any personal interest in the controversy, as against the evidence of complainant's experts who were themselves the owners or managers of these or other housing accommodations in the Area. Complainant further suggests that since the Administrator's witnesses were salaried employees of the fact-finding official they should not have been credited by him. There is no merit in this contention. Pacific Power & Light Co. v. Federal Power Commission, 9 Cir., 1944, 141 F.2d 602, 605; National Labor Relations Board v. Griswold Mfg. Co., 3 Cir., 1939, 106 F.2d 713, 723; Denver Stock Yard Co. v. United States, 1938, 304 U.S. 470, 477, 58 S.Ct. 990, 82 L.Ed. 1469. The Administrator may well have had more confidence in the evidence of competent salaried employees who had no pecuniary interest in the controversy than he did in the testimony of expert witnesses whose interest in the fee paid them for testifying may well have colored the testimony they gave.
Complainant's remaining contentions require but brief discussion. He points out that the Administrator was two days late in acting upon his protest and he contends that he was, therefore, entitled to a ruling in his favor "as upon default". This contention is without merit. While the Administrator's failure to act upon a protest, if unreasonably prolonged, may give rise to a right to a mandatory order by this court against him, it is clear that his failure to act within the period limited by the statute does not operate either as a decision by default in favor of the protestant or as a denial of his protest. Safeway Stores v. Brown, Em.App., 1943, 138 F.2d 278. The public interest requires that every protest be considered and decided *602 on its merits as promptly as reasonably practicable. But for the reasons just stated the Administrator's failure to act upon a protest within the statutory period does not deprive him of power to proceed with the consideration and disposition of the protest thereafter. Accordingly there was no merit in complainant's motion filed with the Administrator to strike from the record as out of time the affidavits of the two rent inspectors which were incorporated in the record two days after the statutory period expired. It follows that the Administrator did not err in not granting the motion.
The complaint is dismissed.
NOTES
[1] 7 F. R. 8596, subsequently redesignated as Rent Regulation for Housing, 8 F. R. 7322.