## WYLIE v. BOWLES, Price Adm'r.

### No. 158.

United States Emergency Court of Appeals. Heard at Blytheville, Ark., Jan. 2, 1945.

Decided Jan. 23, 1945.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

MARIS, Chief Judge.

This complaint brings to us for review the Price Administrator's determination of an essentially factual issue, the question whether the maximum rents which the

Administrator has established for the complainant's two apartments in the Blytheville Defense-Rental Area are below the level of rents generally prevailing in that Area for comparable housing accommodations on March 1, 1942, the maximum rent date.

The complainant's apartments, which each comprised three rooms and a bath, were first rented unfurnished for $50 per month between the maximum rent date and the effective date of the Rent Regulation for Housing in the Blytheville Defense-Rental Area.[1] Under section 4(d) of the Regulation these first rents became the maximum rents for the complainant's apartments subject to change by the Administrator pursuant to Section 5(c). On March 2, 1943, the Area Rent Director began proceedings under section 5(c) (1) to decrease the maximum rent of each apartment from $50 to $40 per month. After consideration of the complainant's objections the Rent Director first established the maximum rents at $45 per month but subsequently, on reopening the proceedings, reduced them to $38.50 per month.

Applications to the Regional Administrator to review these rent orders were filed by the complainant. During the pendency of the review proceedings the Regional Administrator notified the complainant that he proposed, on the basis of the data with respect to comparable accommodations which he submitted to the complainant with the notice, to modify the Rent Director's orders by establishing the maximum rent for each apartment at $30 per month. Subsequently the Regional Administrator did so modify the Rent Director's orders, whereupon the complainant filed a protest with the Price Administrator against that action.

In the protest proceeding the Price Administrator had before him evidence submitted by the Area Rent Director of fourteen other unfurnished apartments alleged to be more or less comparable to the complainant's apartments. Included were all of the unfurnished three-room apartments in Blytheville which were rented on the maximum rent date. The complainant offered evidence rebutting the comparability of five of the apartments described in the Rent Director's evidence but offered no evidence of any housing accommodations which she deemed comparable to her apartments. Her contention seems to be that her apartments are unique and that she should therefore be permitted to charge the rent of $50 per month without regard to the rent level of other housing accommodations in Blytheville.

The Price Administrator filed an opinion in which he discussed the evidence. He found that while differences existed between the complainant's apartments and those cited by the Rent Director, the latter were sufficiently comparable to afford a basis for determining the rent generally prevailing on the maximum rent date for accommodations comparable to the complainant's, as that standard is used in section 5 of the Regulation. He concluded that the maximum rent for the complainant's apartments, based on the rent generally prevailing in the area for comparable accommodations on the maximum rent date, and based upon general increases in the cost of construction in the area since that date, should be $30 per month, as determined by the Regional Administrator. He accordingly denied the protest.

The power of this court with respect to a fact finding of the Price Administrator is merely to ascertain whether there is substantial evidence to support it. Only if such support is lacking may we set aside as arbitrary or capricious an order properly predicated upon the finding. Rabkin v. Bowles, 1944 Em.App., 143 F.2d 600. We have carefully examined the evidence upon which the Price Administrator made his findings. No useful purpose would be served by discussing it here in detail. It is enough to say that it was amply sufficient to support the findings. We are, therefore, without power to set aside the Regional Administrator's order fixing the complainant's rents at $30 per month.

A judgment will be entered dismissing the complaint.