**PHILIPS v. PORTER, Price Adm'r.**

**No. 346.**

United States Emergency Court of Appeals.

Heard at Media, Pa., Oct. 1, 1946.

Decided Oct. 18, 1946.

George W. McKeag and George O. Philips, both of Philadelphia, Pa. (McDevitt, Philips and Watters, of Philadelphia, Pa., on the brief), for complainant.

Philip Travis, of Washington, D. C. (Richard H. Field, Gen. Counsel, Carl A. Auerbach, Associate Gen. Counsel, Harry H. Schneider, Chief, Court Review Rent Branch, and Betty L. Brown, Attorney, all of Washington, D. C., all of the O. P. A., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant seeks to set aside an order of the Price Administrator denying

his protest against an order of the Area Rent Director of the Philadelphia Defense-Rental Area reducing the maximum rent of the second floor apartment at 20 West Baltimore Avenue, Lansdowne, Pennsylvania, from $80 to $65 per month. The apartment had been first rented on April 15, 1944, more than two years after the maximum rent date for the area, and was, therefore, by the express terms of Section 5(c) (1) of the applicable rent regulation,[1] subject to reduction by the Administrator to the level of rent generally prevailing in the area for comparable accommodations on the maximum rent date.

 The complainant attacks the proceedings as lacking due process of law and the Administrator's order as based upon evidence furnished by his own employees and otherwise without evidential support. The complainant's primary objection to the proceedings is that the order is based upon the affidavits of Frank Neufeld and S. Edna Sempliner, two rent inspectors employed by the Administrator. The complainant has not shown any bias or prejudice on the part of these witnesses, however, and in any event their credibility was for the Administrator. Rabkin v. Bowles, Em.App., 1944, 143 F.2d 600.

 The complainant also strongly urges that he was denied due process of law in being refused in the protest proceeding an opportunity to produce oral evidence and cross examine witnesses. Sec. 1300.228 of Revised Procedural Regulation No. 3, however, provides for such a hearing upon a showing by a protestant that the filing of written evidence will not permit the fair and expeditious disposition of the protest. We agree with the Administrator that no such showing was made by the complainant in this case.

 Finally the complainant attacks the Administrator's factual conclusions as to the level of comparable rents. In considering this contention it must be remembered that the area for judicial review is here narrowly restricted. It is settled that the findings of the Administrator as to the facts are conclusive if supported by substantial evidence. White v. Bowles, Em. App., 1945, 150 F.2d 408; Jacob Goodman, Inc. v. Porter, Em.App., 1946, 156 F.2d 549. We may not substitute our judgment for his as to the credibility of witnesses or the weight of the evidence. We have nevertheless carefully read the entire transcript of the proceedings before the Administrator. It would serve no useful purpose to discuss the evidence in detail. It is enough to state that we cannot hold that there is no substantial evidence to support the Administrator's conclusions.

A judgment will be entered dismissing the complaint.

---

[1] Rent Regulation for Housing, 8 F.R. 7322.