730

HELFEND v. FLEMING, Temporary Controls Administrator.

No. 343.

United States Emergency Court of Appeals.

Heard at Los Angeles Dec. 30, 1946.
Decided Feb. 17, 1947.

Rehearing Denied March 13, 1947.

David A. Matlin, of Los Angeles, Cal., for complainant.

Philip Travis, Atty. O.P.A., of Washington, D. C. (Richard H. Field, Gen. Counsel, Carl A. Auerbach, Associate Gen. Counsel, and Harry H. Schneider, Chief, Court Review Rent Branch, O.P.A., all of Washington, D. C., Lewis Leeds, Atty., O.P.A., of New York City, and Milton H. Shapiro, Atty., O.P.A., of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant seeks the review of proceedings in the Office of Price Administration by which the maximum rents for rooms in the Helfend Hotel at Wilmington, in the Los Angeles defense-rental area, were reduced below the rates at which they were first rented or offered for rent by the complainant in July 1942. The regulation involved is the Rent Regulation for Hotels and Rooming Houses. The maximum rent date in the Los Angeles defense-rental area was March 1, 1942.

On June 1, 1944, the Rent Director notified complainant of a proposal to decrease his maximum weekly rents to the amounts which were listed on an exhibit accompanying the notice. On June 20, 1944 the complainant filed written objections thereto and on June 23, 1944 the Rent Director issued an order establishing maximum weekly rents in the amount proposed.

Subsequently on August 12, 1944 the Rent Director notified the complainant that he proposed to establish maximum daily rates for certain rooms which had apparently previously been rented or offered for rent on a daily basis by the complainant. To this notice was annexed a comparability study by a rent inspector setting forth recommended daily, monthly and weekly rents. After further proceedings the Rent Director on September 14, 1944 issued an order establishing maximum daily and monthly rents and continuing the maximum weekly rents in the amounts fixed by his previous order of June 23rd.

Applications for review of the two orders of the Rent Director were filed by the complainant with the Regional Administrator. After incorporating into the record an ad-

ditional comparability study by another inspector the Regional Administrator found that maximum rents higher than those established by the Rent Director's order were justified. Accordingly by an order issued April 30, 1945 he modified the Rent Director's orders so as to establish maximum rents in the higher amounts which he found to be appropriate.

On July 26, 1945 the complainant filed his protest with the Price Administrator. Thereafter the Price Administrator incorporated into the protest record photographs of the Helfend Hotel and of other hotels alleged to be comparable and copies of registration statements of the rooms in those hotels. Complainant submitted additional evidence, and oral argument before a subcommittee of a board of review was had in Los Angeles upon the record so made up. Subsequently the board recommended to the Price Administrator that the protest be denied except in one respect not here material. On May 10, 1946 the Price Administrator issued his order granting the protest in part and otherwise denying it as recommended by the board of review.

■ The complainant's principal contention is that he was denied a proper hearing in the proceedings before the Rent Director. We are inclined to agree that he was not accorded an adequate opportunity to examine and rebut prior to June 23, 1944 the evidence upon which the Rent Director relied in making his order of that date. Our examination of the subsequent proceedings makes it perfectly clear, however, that the complainant was accorded full opportunity to examine and rebut the evidence considered in the review proceeding before the Regional Administrator and in the protest proceeding before the Price Administrator and that he took full advantage of the opportunities thus accorded him. Under these circumstances the failure of the Rent Director to accord the complainant an adequate hearing in the first instance becomes immaterial. The hearings de novo by the Regional Administrator and the Price Administrator fully protected the complainant in his rights. Victor v. Porter, Em.App. 1946, 157 F.2d 769, cert. den. 67 S.Ct. 491.

■ The complainant next contends that the Price Administrator erred in his findings with respect to the levels of rents for comparable accommodations on the maximum rent date which were the basis for the order fixing complainant's maximum rents. With respect to this contention we need only point out that we are not at liberty to set aside the Price Administrator's findings upon a factual issue of this character if there is substantial evidence to support them. Rabkin v. Bowles, Em.App., 1944, 143 F.2d 600. Since our examination of the record indicates that there was ample evidence to support the Price Administrator's findings they are not reviewable here.

■ Finally the complainant contends that the maximum rents established by the Price Administrator must be set aside because they do not permit him to realize the cost of operating the hotel. An examination of the record fails to satisfy us that the complainant has sufficiently proved a factual basis for this contention. In any event, however, cost of operation is not a factor which the regulation required the Price Administrator to consider in reducing the complainant's maximium rents to the basis of other comparable rents. In so far as the complainant seeks to attack the validity of the regulation for its failure to include cost of operation as a factor to be considered in this connection it is sufficient to point out that the Rent Regulation for Housing has been sustained against attack upon the ground that it fails to assure to the individual landlord a fair return from his property. Mortgage Underwriting & Realty Co. v. Bowles, Em.App., 1945, 150 F.2d 411, 414-5. See also Wilson v. Brown, Em. App., 1943, 137 F.2d 348, 352-4; and Bowles v. Willingham, 1944, 321 U.S. 503, 516-9, 64 S.Ct. 641, 88 L.Ed. 892. The considerations underlying that ruling are equally applicable to the Rent Regulation for Hotels and Rooming Houses.

A judgment will be entered dismissing the complaint.