AGOSTINI BROS. BLDG. CORPORATION
v. WOODS, Housing Expediter.

No. 494.

United States Emergency Court of Appeals.

Heard at New York, N. Y., July 29, 1949.
Decided Sept. 28, 1949.

Bernard Fremont, New York City, for complainant.

Betty L. Brown, Attorney, Washington, D. C. (Ed. Dupree, General Counsel, J. Walter White, Assistant General Counsel, and Charles P. Liff, Chief, Appeals Section, and Eleanore R. Kerber, Attorney, all of the Office of the Housing Expediter, Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

MARIS, Chief Judge.

This complaint presents two questions for our consideration. The first is whether the Housing Expediter erred in reducing from $84,728.40 to $74,171.72 the figure representing cost of construction which formed the basis for the additional allowance for increased costs of construction which he used in fixing the complainant's maximum rents under Section 4(e) of the Rent Regulation for Housing in the New York City Defense-Rental Area.[1] The second is whether the Expediter erred in not making retroactive the increased maximum rents which he fixed as a result of considering these increased costs of construction. The background facts may be briefly stated.

In 1944 the complainant purchased a four story apartment building at 240 East Front Street, Long Beach, New York. At the time of purchase the building contained 12 dwelling units and had been unoccupied for some time. After the purchase the complainant converted it by reconstruction into 29 dwelling units. Under Section 4(e) of the Rent Regulation the complainant's first rents became its maximum rents, subject to revision by the Area Rent Director pursuant to Section 5(c). Thereafter on May 24, 1946 the Rent Director issued orders decreasing the maximum rents for all 29 units, effective as of the dates of first renting.

Subsequently the complainant sought review by the Regional Rent Administrator as to seven units and later it filed a protest with the Housing Expediter with respect to all 29 units. Upon consideration of the protest the Expediter determined that in the case of 15 of the 29 units the rents

I. 8 F.R. 13915.

fixed by the Area Rent Director were too low and he accordingly on September 29, 1948 entered an order increasing those rents. Finding that the action of the Rent Director was arbitrary and capricious and that the complainant had been prejudiced thereby he made his order increasing the rents retroactive to the dates of first renting as to each of the units with which we are here concerned.

In determining the maximum rents fixed by the order of September 29, 1948 the Expediter had estimated the complainant's cost of construction at $60,000 and in the order he gave leave to the complainant to request reconsideration of the amount of those costs and to submit additional evidence with respect thereto. The complainant took advantage of the opportunity thus afforded and offered additional evidence indicating that the construction costs were $84,728.40. Upon considering this evidence the Expediter disallowed two items, $4,034.68 representing 5% of construction cost claimed for home office overhead and $6,522 representing superintendent's salary, and accepted the balance, $74,171.72, as representing the true construction costs upon which the complainant was entitled to an allowance in fixing its maximum rents. The Expediter accordingly on December 17, 1948 entered an order increasing the maximum rents for 18 of the units here in question but declined to make this order retroactive to the dates of first renting.

There are enforcement actions pending against the complainant with respect to 21 of the rental units here involved and the complainant has deposited money in escrow covering the refund periods involved in the case of seven of the other units. The court accordingly has jurisdiction under Section 1(b) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901(b), with respect to these 28 units. By an order entered March 11, 1949 the court dismissed the complaint as to the remaining unit, Apartment B-4, for want of jurisdiction and we are, therefore not now concerned with that unit.

■ The complainant's first contention is that the Housing Expediter erred in disallowing as a part of the construction cost of remodelling its building the sum of $4,034.68 representing the complainant's home office overhead and the sum of $6,522 representing salary paid to one of complainant's officers for supervision of the construction. The complainant is engaged in the building construction business and its contention is that since it did the work of remodelling and reconstructing this apartment building itself it is entitled to charge its home office overhead and the salary of the officer who supervised the work. The Expediter found however, that the item of 5% for home office overhead was not shown to be an actual cost of construction and that the amounts claimed to have been paid to the officer for supervising construction were not sufficiently identified as paid for supervision of construction of the building in question. It will be seen that these are purely factual questions which have been determined by the Expediter upon his consideration of the evidence. We cannot say that the view which the Expediter has taken of the evidence is either arbitrary or capricious. Accordingly we are without power to set aside his determination in this regard. Rabkin v. Bowles, Em.App.1944, 143 F.2d 600.

The complainant's second contention raises a much more serious question. Upon the Housing Expediter's initial consideration of the protest culminating in his opinion and order of September 29, 1948 he found that the maximum rents previously fixed by the Area Rent Director were arbitrary and capricious and that the complainant had been prejudiced thereby. Accordingly when he determined that those rents should be increased in the case of 14 of the units here involved he directed that the increase should be effective retroactively to the dates of first rental. At the same time he indicated that his action was based in part upon the consideration of construction costs [2] in the estimated amount of

2. Section 5 of the regulation provides in part: "In cases involving construction

due consideration shall be given to increased costs of construction, if any,

$60,000 and he gave specific leave to the complainant to reopen the matter of the amount of those costs by offering detailed evidence to prove that the construction costs were actually in excess of $60,000.

 As we have seen, the complainant took advantage of the Housing Expediter's offer and did establish to the satisfaction of the latter that its construction costs were at least $74,171.72, $14,171.72 more than the estimated figure. The Housing Expediter thereupon promptly granted the complainant an increase in its maximum rents for those units which were affected by the increase in costs thus shown, but he declined to make this increase retroactive. We think that this action on his part was arbitrary and that it must be set aside.

Since the maximum rents originally fixed by the Area Rent Director were arbitrary and capricious, as the Housing Expediter himself has found, the complainant was entitled to have proper maximum rents retroactively established. [3] He was entitled to have these rents based, inter alia, upon an appropriate allowance for increased costs of construction. The Housing Expediter recognized this by making retroactive his first order which included an allowance for increased costs of construction upon an estimated basis. We think he was arbitrary in refusing to do the same when, after receiving the further and better evidence which he had invited, he increased the rents in the light of the actual costs of construction. Accordingly his action upon the protest must in this respect be set aside and the cause remanded to him for further proceedings consistent with this opinion.

A judgment will be entered setting aside the order of the Housing Expediter issued December 17, 1948, insofar as it directs that the maximum rents which it establishes shall commence at the first rental period following the issuance of the order, and remanding the cause for the entry of an appropriate amended order.

since March 1, 1943." See Victor v. Porter, Em.App., 157 F.2d 769, certiorari denied 329 U.S. 801, 67 S.Ct. 491, 91 L.Ed. 685.

3. See In the matter of Kuskin and Rotberg, Inc., III Op. & Dec. p. 3217 (O. P. A. 1945).