**ROUPP v. WOODS.**

**No. 511.**

United States Emergency Court of Appeals.
Heard at Denver Aug. 29, 1949.

Decided Oct. 7, 1949.

Edward E. Pringle, Denver, Colo., Walter F. Scherer and Max D. Melville, Denver, Colo., on the brief, for complainant.

Philip Travis, Attorney, Washington, D. C., Ed Dupree, General Counsel, J. Walter White, Assistant General Counsel, Field Review and Appeals Branch, and Charles P. Liff, Chief, Appeals, Section, all of the Office of the Housing Expediter, Washington, D. C., on the brief, for respondent.

Before MARIS, Chief Judge, and LINDLEY and LAWS, Judges.

LINDLEY, Judge.

Complainant is the owner and operator of a multiple unit motor court in Aurora, Colorado, which, in the summer of 1945 was remodeled. As each unit was completed and furnished, it was offered for rent, the first in August, 1945, and the last in February, 1946. In the latter month, after having been advised by the Area Rent Office that he had failed to register the units within 30 days of their conversion, complainant filed registration statements with the Denver office pursuant to Section 4(e) of the Rent Regulations. Subsequently, at various times in June and August, 1946, the Area Director issued separate orders reducing the maximum rents for each of 14 of the units, directing that the reductions be retroactive to the day of first renting of each of the affected units and ordering complainant to refund to his tenants the excess rents collected from them.

On June 10, 1947, after his failure to comply with the orders, an enforcement action was instituted against complainant which resulted in judgment for the Housing Expediter, later affirmed upon appeal. However, the trial court granted a stay of execution, in accord with Section 204 of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924, in order that complainant might apply to this court for an adjudication of the validity of the orders which had been found to have been violated. Thereupon, on August 16, 1948, complainant filed with the Expediter a protest in which he contended that the orders, or, at least, the refund provisions contained therein, were invalid because, (1), the proceedings to reduce his rents had not been commenced in the manner required by the regulations, complainant allegedly never having received notice of the institution of any of the proceedings, and, (2), the Area Director was estopped from issuing refund orders because of certain oral promises alleged to have been made to complainant by the Director's predecessor in office.

On April 29, 1949, the Expediter denied the protest, finding that notices had been mailed to complainant in the manner prescribed by the Rent Regulations for the commencement of rent reduction proceedings, and, further, that no estoppel existed for the reason that, (1), the alleged oral representations had not, in fact, been made; and, (2), if they had been made, did not constitute a "not at fault" order such as is required to preclude inclusion of a refund provision in a rent reduction order; and, further, (3), if they did constitute such an order, it was one which the Rent Director might properly revoke at any time. Thereupon complainant filed his complaint in this court.

Complainant contends that the orders are void in their entirety for the reason that the Area Rent Director had no jurisdiction to issue them because of his alleged failure to comply with the provisions of OPA Procedural Regulation No. 3 which require the Director to "serve a notice upon the landlord" as a means of initiating a proceeding to reduce the landlord's rent. Complainant denies that he ever received any such notice and urges that this fact is sufficient to defeat the orders.

Section 1300.207 of Procedural Regulation No. 3, 32 CFR, 1944 Supp., 1300.207, and 32 CFR, 1945 Supp., 1300.207, provides that "In any case where the rent director, pursuant to the provisions of a maximum rent regulation, deems it necessary or appropriate to enter an order on his own initiative, he shall, before taking such action, serve a notice upon the landlord of the housing accommodations involved stating the proposed action and the grounds therefor. The proceedings shall be deemed commenced on the date of issuance of such notice." Section 1300.252 of the same regulation, 32 CFR, 1945 Supp., 1300.252 provides that "In any proceeding under Section 1300.207 * * * any notice, order, or other process or paper directed to the person named as landlord on the registration statement * * * at the mailing address given thereon * * * shall constitute notice to the person who is then the landlord." Under these sections, it would seem immaterial whether the landlord actually received the notices, for it is provided that mailing the notices shall constitute service thereof. Since com-

plainant does not attack the validity of the regulation, but merely contends that the Director failed to comply with its terms, this court need only decide the latter question, i. e., whether the notices were, in fact, mailed to complainant. Pacific Gas Corp. v. Bowles, Em.App., 153 F.2d 453.

In denying the protest, the Expediter made a finding "that Notices of Proceedings were mailed to the protestant * * * on the dates which appear on the copies of the notices * * *." We must accept this finding if there is substantial evidence to support it. Ebling Brewing Co. v. Porter, Em.App., 156 F.2d 1012, certiorari denied 329 U.S. 784, 67 S.Ct. 297, 91 L.Ed. 672; Sirianni v. Bowles, Em.App., 148 F.2d 343. But complainant argues that the finding was unjustified because, (1), it was arrived at by basing an inference upon an inference, and, (2), it is apparent from the notices themselves that they were never mailed, since the copies do not bear the endorsement of mailing which appears on the copies of other documents mailed to complainant by the Denver Rent Office.

Upon his contention that the Expediter's finding was unjustified in that it was the result of basing an inference upon an inference, or a presumption upon a presumption, complainant maintains that, on the basis of the affidavit of an official of the Denver Rent Office relative to the "invariable" procedure followed by that office in cases of this sort, respondent inferred that notices of proceedings had been prepared and then, on the basis of the inference that they had been executed, inferred that they had been mailed.

Although there is no doubt of the basic rule urged by complainant, we think that it has no application to the Expediter's denial of complainant's protest. In finding that notices had, in fact, been executed, which, by the way, was not denied by complainant in his protest, the Expediter did not rely on the Spath affidavit, as complainant contends, but rather upon the fact that copies of such notices were produced, which copies were sworn to be part of the official records of the Area Rent Office. Having thus concluded that the notices were properly made out, the Expediter then found, on the basis of the office custom of mailing established by the affidavit of Mr. Spath, that the notices had been mailed on the dates appearing on the copies found in the office records. This evidence, uncontradicted by the complainant, who says only that he did not receive the notices, we think is sufficient to establish the fact of mailing. United States v. Decker, D.C., 51 F.Supp. 15; Myers et al. v. Moore-Kile Co., 5 Cir., 279 F. 233. Thus, it appears that respondent's finding that the notices were mailed was not an inference based on a prior inference. Of course, a finding that the notices were executed must necessarily have preceded the finding that they were mailed, but this does not mean that the latter finding is an inference based on the former, for here it is clear that the fact of mailing was inferred, not from the fact of execution, but from the office custom relative to mailing, as established by the affidavit of Mr. Spath.

Complainant insists that the absence of a stamped mailing date on the copies offered in evidence, considered in conjunction with the fact that such stamps appear on copies of other orders and documents directed to him, is evidence that the notices were not mailed and that respondent's finding to the contrary is unjustified. In denying the protest, respondent stated that "The inference upon which protestant relies, which stems from the absence of endorsements of mailing on the notices and the appearance of such endorsements on the orders, is, however, in the opinion of the Housing Expediter, rebutted by the testimony of one Charles E. Spath, an official of long standing in the Denver Area Rent Office, to the effect that it was not the practice of the office at the time the notices were mailed to inscribe the same type of endorsement of mailing on these notices as was inscribed on the orders which were issued." Concluding that the absence of the endorsement of mailing failed to establish that the notices were not mailed, respondent went on to find, on the

basis of the custom of mailing which existed in the Denver office, that the notices had been mailed.

■ In view of the provision in the regulation to the effect that mailing a notice shall constitute service, it would not have been unreasonable to have provided further that some record of the fact of mailing be made. However, the regulation did not direct that such a record be kept; thus, since complainant has made no claim that the regulation itself is invalid, it seems clear that the mailing could be proved in the ordinary manner, i. e., by evidence establishing an office custom in regard thereto. Furthermore, the mere fact that the Expediter chose to credit the testimony of his own subordinates does not render his finding arbitrary and capricious. Rabkin v. Bowles, Em.App., 143 F.2d 660. Here, buttressing the inferences to be drawn from the existence of the copies of the notices in the files and the testimony relative to the mailing custom of the Rent Office, there was also the presumption of regularity which applies to the official acts of public officers and impels courts to presume, in the absence of clear evidence to the contrary, that official duties have been properly discharged. United States v. Chemical Foundation, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131; Pasadena Research Laboratories v. United States, 9 Cir., 169 F.2d 375. Then, too, Coleman, the former director, testified that complainant came to his office in response to the notices to discuss the questioned merits of the proposal to reduce his rents. This fact, too, the Expediter had a right to consider in weighing the conflicting testimony. Opposed to all this we have only the inference to be drawn from the fact that no mailing date appeared on the notices, a fact which the Expediter found was fully explained in the affidavit of Spath. In such a situation, we cannot say that respondent's finding was not supported by substantial evidence. Rabkin v. Bowles, Em.App., 143 F.2d 600.

What we have said in this connection is, however, inapplicable to Apartment 2. In view of the record, supplemented by a joint letter of counsel for both parties, we think there was insufficient evidence to support a finding that notice of a decrease in the maximum rent of this apartment was mailed to complainant. The complaint as to that unit, therefore, will have to be sustained.

■ Complainant further contends that the Director was estopped to include refund provisions in the reduction orders because of certain oral promises allegedly made to complainant by the prior Director. Complainant and Rogers, Secretary-Treasurer of the Colorado Motor Court Association, testified that Coleman assured them that any reduction orders affecting complainant's units would not be retroactive. Coleman denies ever having made such promises. It was the Expediter's function to determine the weight and credibility of this conflicting testimony. We are not permitted to declare that it was arbitrary and capricious for him to credit the testimony of Coleman, a former public servant, who has no pecuniary interest in this controversy, rather than the testimony of complainant, who is financially interested, and that of Rogers, a former officer of the Colorado Motor Court Association. Rabkin v. Bowles, Em.App., 143 F.2d 600.

Complainant's argument that the alleged oral promises constituted a finding that complainant was "not at fault" in failing to file registration statements within the allotted time also rests on the premise that such promises were, in fact, made, and must also be rejected since respondent's finding that none was made was neither arbitrary nor capricious but was based on substantial evidence.

Judgment will enter dismissing the complaint except as to the order reducing the rent on Apartment 2. That order will be set aside.