**Cecil E. DANIEL and Ann M. Daniel, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

No. 71–1234.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 1972.

Judson M. Werbelow, and Ben Schwendener, Lansing, Mich., for plaintiffs-appellants; John F. Foley, Vicksburg, Mich., Dickinson, Wright, McKean & Cudlip, Lansing, Mich., on brief.

Mary J. McGinn, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee; Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Stephen H. Hutzelman, Attys., Tax Div., Dept. of Justice, Washington, D. C.,

John Milanowski, U. S. Atty., Grand Rapids, Mich., on brief.

Before PHILLIPS, Chief Judge, and PECK and MILLER, Circuit Judges.

PER CURIAM.

This appeal is taken from the judgment of the District Court dismissing appellants-taxpayers' suit for refund on the ground that the Court was without jurisdiction to consider the claim. The District Court found that the Government had mailed a notice of disallowance of the refund to taxpayers in July, 1962, and that the present suit not having been instituted until January, 1968, was barred by the two-year statute of limitations under 26 U.S.C. § 6532(a) (1).

██ Whether or not the notice of disallowance was mailed to taxpayers is a question of fact which cannot be disturbed on appeal unless the finding thereon is clearly erroneous. Rule 52, Fed.R.Civ.Pro. Herein the Government introduced sufficient evidence to show the fact of mailing, which evidence consisted of: (1) the testimony of unit supervisors for the Internal Revenue Service that by office custom the notice in question was sent to taxpayers by certified mail, and (2) the production of stamped receipts of the sender (the I.R. S.) which had been addressed to taxpayers. See Roupp v. Woods, 177 F.2d 149, 151 (Em.App.1949). Any further proof of mailing by certified mail or of the mechanical details thereof would have only provided corroboration of the fact of mailing. In the exercise of its discretion the trial court would have been justified in receiving such corroborative evidence if offered, but no duty to make such a tender rested upon the appellee.

Under the circumstances of the instant case, we cannot say that determination by the District Court that a mailing in fact occurred was clearly erroneous. The judgment of the District Court is affirmed.

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New